IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANNETTE M. GERROW,

    Petitioner,

vs.                              4:06cv315-SPM/WCS

WARDEN M. L. RIVERA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. Pursuant to court order, doc. 3, Petitioner filed a motion to proceed in forma pauperis. Doc. 4. Given the account information attached to the motion to proceed in forma pauperis,[1] the court would usually require payment of the nominal $5.00 fee, but it is not necessary here as the § 2241 petition should be summarily dismissed. Leave to proceed in forma pauperis is granted by separate order for purposes of dismissal.

---

[1] According to the attached inmate account statement, Petitioner's current balance is $ 1.81, but over $ 600.00 has been deposited into her account over the past six months. The court's previous order advised that the filing fee is $ 5.00. Doc. 3.

Petitioner was convicted and sentenced in the Southern District of Florida. Doc. 1, p. 2. She challenges her sentence in the habeas corpus petition, and seeks a two point reduction to her base offense level. Doc. 1, p. 7.

Petitioner took a direct appeal and the criminal judgment was affirmed in a published opinion. United States v. Gerrow, 232 F.3d 831 (11th Cir. 2000). Petitioner's challenge to the firearm enhancement was one of a number of issues affirmed without discussion. *Id.*, at 833, n. 1 (citing 11th Cir. R. 36-1, authorizing affirmance without opinion in certain circumstances).

Petitioner filed a 28 U.S.C. § 2255 motion which was denied, and the denial affirmed. Gerrow v. United States, 140 Fed.Appx. 182 (not selected for publication in the Federal Reporter) (11th Cir. 2005). On appeal, Petitioner raised "two issues: (1) whether her counsel was ineffective in appealing the imposition of the firearm enhancement, and (2) whether her counsel was ineffective for telling her that she was ineligible for a safety-valve reduction." *Id.*, at 183. In a footnote, the court noted that ineffective assistance of counsel in relation to the safety valve provision could not be raised for the first time on appeal. *Id.*, n. 2. The certificate of appealability was limited to counsel's failure to appeal "the enhancement of her base offense level," and since the safety valve provision is not an enhancement the issue was not covered by the certificate of appealability. *Id.*

The court found that the firearm enhancement issue had been raised on direct appeal and summarily affirmed pursuant to 11th Cir. R. 36-1. *Id.*, at 183. Nothing in the record or opinion indicated that counsel did not adequately raise the argument, and ineffectiveness was not shown. *Id.*, at 184.

Petitioner now argues in this court under § 2241 that counsel was ineffective, as "she was misinformed by her counsel to be ineligible for the safety valve reduction prior to and at sentencing, due to the two points weapon enhancement that was applied to her offense level." Doc. 1, p. 3. She asserts that counsel "should have requested for the safety valve reduction regardless of the erroneous application of the firearm enhancement." Doc. 1, attached brief, p. 3.

Petitioner's claim is not cognizable in habeas corpus.

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added to highlight the "savings clause").

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent defense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (footnote omitted).[2]  *See also* Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) and Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir.), *cert. denied*, 540 U.S. 900 (2003) (both applying Wofford test).

---

[2] In the footnote, the court noted that even where the savings clause allowed a claim to proceed under § 2241, the proper inquiry would be the same as if the claim was raised for the first time by § 2255 motion; *i.e.*, whether the petitioner could establish "actual innocence" of the offense under Bousley v. United States, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). *Id.* n. 3.

While not deciding whether the savings clause would apply in other sentencing circumstances, the court in <u>Wofford</u> found it "enough to hold, as we do, that the only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." 177 F.3d at 1245. As "Wofford had a procedural opportunity to raise each of his claims and have it decided either at trial or on appeal," and was "attempting to use § 2241 simply to escape the restrictions on second or successive § 2255 motions," he could not proceed under the savings clause. *Id.*

Here, on the § 2241 form where asked to explain why the remedy under § 2255 is inadequate or ineffective, Petitioner states: "issue was not proper before the courts, was not filed in the appropriate [manner]." Doc. 1, p. 3. Petitioner's sentencing issue does not "rest upon a circuit law-busting, retroactively applicable Supreme Court decision," and her failure to timely present the issue to the sentencing court does not warrant application of the savings clause. 177 F.3d at 1245.

It is therefore respectfully **RECOMMENDED** that the 28 U.S.C. § 2241 petition (doc. 1), challenging Petitioner's sentence out of the Southern District of Florida, be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 31, 2006.


   S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**